No. 03-3138

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT



FILED

SEP 1 6 2003

LEONARD GREEN, Clerk

MARY JANE GOFFINET, )
            )
  Plaintiff-Appellant, )
            )
v.            )   O R D E R
            )
DAVID J. NIEHAUS; CHARLES BAILEY; )
DAN HARA,          )
            )
  Defendants-Appellees. )

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 02-98
    SJD

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court. This notice is to be prominently displayed if this decision is reproduced.

Before: GIBBONS and SUTTON, Circuit Judges; TARNOW, District Judge.*

  Mary Jane Goffinet, an Ohio citizen, appeals a district court order denying her motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) following the dismissal of a civil rights complaint she filed. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

  Seeking monetary, injunctive, and declaratory relief, Goffinet filed a complaint against David J. Niehaus (Niehaus), a judge of the Common Pleas Court, Juvenile Division, Dan Hara (Hara), the Superintendent of the Butler County Educational Service Center, and Charles Bailey (Bailey), the Butler County jail inspector. Goffinet alleged that her children had been improperly removed from her custody and that she had been arrested more than once for violating a no contact order. Apparently, she named Hara as a defendant because he had instructed school personnel to call the police if Goffinet came to her children's school, and Bailey because she claimed her hearing

---

  *The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

was damaged by the excessive noise level in the Butler County jail. Defendants filed motions to dismiss or for judgment on the pleadings. Goffinet filed discovery requests and subpoenas. The district court stayed discovery pending consideration of the motions to dismiss. Goffinet's appeal from that order was dismissed for lack of jurisdiction in Case No. 02-3615. The district court then granted defendants' motions to dismiss for failure to state a claim, concluding, among other grounds, that it lacked jurisdiction to review the state court's decision in the child custody proceeding, and that the judge was entitled to absolute immunity. Goffinet filed a motion for relief from that judgment, reasserting her argument that her children were improperly removed from her custody. The district court denied the motion, and this appeal followed.

Upon consideration, we conclude that the order denying Goffinet's motion for relief from judgment must be affirmed, as Goffinet utterly failed to establish that her case fits within the circumstances warranting relief under Rule 60(b). *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). On appeal from the denial of a Rule 60(b) motion, this court will reverse only upon a showing of an abuse of discretion, where the court is convinced that the district court commited a clear error of judgment; the merits of the underlying judgment are not at issue. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). A motion for relief from judgment is not a second chance to convince the judge to rule in favor of the movant, or to present new explanations, theories, or proof. *Id.* In this case, Goffinet merely reiterated her argument that her children should not have been removed from her custody, an issue which the district court had explained it lacked jurisdiction to review. As the motion presented no basis for granting relief from the district court's order, there was no abuse of discretion in denying it, and the order denying relief is therefore affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

_____
Clerk